# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
2200 ROSS AVENUE, SUITE 2800
DALLAS, TEXAS 75201-2784
WWW.FULBRIGHT.COM

JRICHARDSON@FULBRIGHT.COM  TELEPHONE: (214) 855-8000
DIRECT DIAL: (214) 855-8121  FACSIMILE: (214) 855-8200

May 13, 2009

**VIA FACSIMILE (609) 989-2193**

The Honorable Lois H. Goodman, Magistrate Judge
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

    Re:    *Oticon, Inc. v. Vivatone, et al.*
                Civil Action No. 3:08-cv-05489 FLW:LHG
                Client-Matter No. 10814599

Dear Judge Goodman:

    SeboTek does not object to *appropriate* Letters Rogatory being issued for appropriate discovery from Sound Design and Gennum as discussed during yesterday afternoon's status call. However, SeboTek does object to the form of Oticon's proposed Order For Letters Rogatory and Letters of Request that were faxed to the Court after the status call (the Proposed Orders).

    Oticon's Proposed Orders grossly overreach and go far beyond what the parties and the Court contemplated in the status call. Oticon's Proposed Orders include statements that are not true, and findings of fact adverse to SeboTek. Clearly, SeboTek has not consented to such orders and did not anticipate that Oticon would overreach in this way.

    The Proposed Orders repeatedly state that Plaintiff has submitted evidence and then recites the Court's findings and opinions. Plaintiff has not submitted evidence and many of the proposed findings and opinions are wholly inappropriate. The most egregious example, in paragraph 7 of the Proposed Letters of Request, states that after considering Plaintiff's evidence the Court finds that SeboTek's Model 720 includes specified limitations and elements claimed in Oticon's patent. Here, Oticon has improperly attempted to obtain a Court Order with factual findings on ultimate issues in the case. Clearly, no such evidence has been offered, and no such findings have been made. SeboTek objects.

- 2 -

Moreover, after the Court told Oticon in our status call that Oticon should narrow the scope of its document requests, Oticon broadened them. As discussed during the status call, Oticon's patent covers a specific method of making an analog to digital conversion. Oticon's requests are overbroad because they cover every analog to digital converter (ADC) and not just those that make the converstion as claimed in Oticon's patent. Oticon now seeks documents from Sound Design and Gennum relating to all "analog to digital converters, microprocessors, and/or related components." Thus, Oticon has not narrowed their requests, but broadened them to cover not only all ADC's but also microprocessors and related components. The Proposed Orders include findings that the Court believes Oticon's expanded document requests to be appropriate, when no such finding has been made. To the contrary, the Court told Oticon it should narrow its requests. SeboTek objects that the requested discovery in the Proposed Orders is overbroad and seeks documents that are not relevant to the claims and defenses asserted in this case.

Oticon's proposed Order for Letters Rogatory also states that all parties have had "good and sufficient notice" and that the Court finds the Letters of Request "are necessary and appropriate." SeboTek first received the Proposed Orders via email at 5:35 pm (Eastern) on May 12, 2009, after the parties had completed their status call with the Court. SeboTek hereby objects to the Proposed Orders and requests an opportunity to work with opposing counsel to form appropriate orders for the requested letters rogatory.

For the reasons set forth above, Sebotek requests that the Court not sign the Proposed Orders and that the parties be given an opportunity to discuss an agreed set of letters rogatory.

Very truly yours,

Jeff Richardson

cc: Quentin R. "Rick" Corrie, Esq. (qrc@bskb.com)
Rick Anderson, Esq. (dra@bskb.com)
Tod Chasin, Esq. (tod.chason@bipc.com)
Adam V. Floyd, Esq. (afloyd@fblawllp.com)
Brian Buss, Esq. (bbuss@fblawllp.com)
Jonathan Korn, Esq. (Korn@BlankRome.com)
Jeff Shewchuk, Esq. (jdshewchuk@comcast.net)
Andy Ryan, Esq. (ryan@cantorcolburn.com)

80552326.2